61 A.3d 1015

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**John BROCK, Appellee.**

Supreme Court of Pennsylvania.

Argued March 6, 2012.

Decided Jan. 23, 2013.

Hugh J. Burns, Jr., Ronald Eisenberg, Max Cooper Kaufman, Joseph E. McGettigan III, Rufus Seth Williams, Phila-

delphia District Attorney's Office, for Commonwealth of Pennsylvania.

J. Michael Farrell, for John Brock.

CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## OPINION

Justice TODD.

In this appeal by the Commonwealth, we accepted review to consider whether Appellee John Brock waived his speedy trial claim under Pa.R.Crim.P. 600, either by failing to file a written motion to dismiss, or by failing to appear for a trial listing. We hold that Rule 600 requires a defendant to file a written motion to dismiss, and that, by failing to appear in court on the day his or her case is listed for trial, a defendant waives his or her Rule 600 claim. Accordingly, we reverse.

On June 3, 2003, the Commonwealth filed a criminal complaint against Brock, charging him with burglary, attempted murder, aggravated assault, criminal trespass, and firearms violations. Brock was arrested on June 16, 2003. The case was first listed for trial on December 15, 2003, but was continued numerous times until March 8, 2005. On that date, Brock, who was on house arrest pursuant to Pa.R.Crim.P. 600(E),[1] failed to appear for court. A bench warrant for his arrest was issued on March 18, 2005; however, when police went to his residence on that date, he was not there. Thereafter, the Commonwealth made no further efforts to locate him.

On January 25, 2006, Brock was arrested in Williamsport, Pennsylvania on unrelated charges. On that same day, a Williamsport police officer notified authorities in Philadelphia that Brock was in custody, but no attempt was made to secure his return to Philadelphia for trial. On September 27, 2006, authorities from the State Correctional Institute at Camp Hill

1. Pa.R.Crim.P. 600(E) provides that, where a defendant is incarcerated for 180 days after the issuance of the criminal complaint, he is entitled to release on nominal bail.

("SCI–Camp Hill") notified Philadelphia police that Brock was in custody on an unrelated matter. At this point, the Commonwealth arranged for Brock's return to Philadelphia to stand trial on the June 3, 2003 charges.

On May 24, 2007, Brock's attorney orally argued that he was entitled to the dismissal of all charges, with prejudice, pursuant to Pa.R.Crim.P. 600 [2] because more than 365 days of non-excludable time had elapsed from the date of the filing of the original criminal complaint. That same day, the trial court held a hearing on Brock's oral motion. Eight months later, the trial court held a second hearing on January 18, 2008, at which the Commonwealth argued that Brock waived his Rule 600 claim by failing to file a written motion. Additionally, the Commonwealth asserted that Brock waived his Rule 600 claim by failing to appear for the trial listing on March 8, 2005. On January 18, 2008, the trial court granted Brock's motion and dismissed the charges against him.

In granting Brock's motion to dismiss, the trial court concluded, *inter alia*, the Commonwealth failed to exercise due diligence between January 25, 2006 (the day it was notified that Williamsport police had Brock in custody) and September 27, 2006 (the day it was notified that Brock was in custody at SCI–Camp Hill) because it made no attempt to have Brock returned to Philadelphia for trial. Thus, the trial court found this 244–day period chargeable to the Commonwealth, and held that, at the time Brock moved for discharge, there already had been 504 days of non-excludable time and the run date for Rule 600 had expired. The trial court further rejected the Commonwealth's contention that Brock waived his Rule 600 claim by failing to file a written motion. Citing *Commonwealth v. Bowes*, 839 A.2d 422 (Pa.Super.2003), the trial court stated "Rule 600 contains no requirement that a motion to dismiss be written." Trial Court Opinion, 3/19/08, at 5. The Commonwealth appealed.

**2.** On October 1, 2012, this Court ordered that, effective July 1, 2013, Rule 600 is rescinded and a new Pennsylvania Rule of Criminal Procedure 600 adopted.

On June 8, 2010, the Superior Court affirmed the trial court's decision in an unpublished memorandum opinion. The Superior Court first rejected the Commonwealth's argument that Brock waived his Rule 600 claim by failing to file a written motion. Like the trial court, the Superior Court relied on its decision in *Bowes* for the proposition that an oral motion is sufficient to preserve a Rule 600 claim. The court further rejected the Commonwealth's argument that Brock waived his Rule 600 claim by failing to appear in court on March 8, 2005, the date his case was listed for trial. The court reasoned that a trial commences under Rule 600 when the first substantial step toward the guilt-determining process occurs, and, because there was no evidence that such first step occurred on March 8, 2005, trial had not commenced, and thus Brock had not waived his Rule 600 claim. *Commonwealth v. Brock*, 435 EDA 2008, unpublished memorandum at 7, 4 A.3d 678 (Pa.Super. filed June 8, 2010).

Thereafter, the Commonwealth filed a petition for allowance of appeal, which this Court granted to address the following question: "Did the trial court err in dismissing the serious charges against defendant under Rule 600, where he waived his Rule 600 claim by failing to file a motion to dismiss, and by voluntarily failing to appear for the March 8, 2005 trial listing?" Our standard of review in evaluating a Rule 600 claim is whether the trial court abused its discretion. *Commonwealth v. Selenski*, 606 Pa. 51, 58, 994 A.2d 1083, 1087 (2010). We begin by addressing the Commonwealth's argument that Brock waived his Rule 600 claim by failing to file a written motion to dismiss.

Rule 600, titled "Prompt Trial," provides, in relevant part:

(A)(3) Trial in a court case in which a written complaint is filed against the defendant, when the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

\*       \*       \*

(B) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*

\*    \*    \*

(G) For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

If the court, upon hearing, shall determine that the Commonwealth exercised due diligence and that the circumstances occasioning the postponement were beyond the control of the Commonwealth, the motion to dismiss shall be denied and the case shall be listed for trial on a date certain. If, on any successive listing of the case, the Commonwealth is not prepared to proceed to trial on the date fixed, the court shall determine whether the Commonwealth exercised due diligence in attempting to be prepared to proceed to trial. If, at any time, it is determined that the Commonwealth did not exercise due diligence, the court shall dismiss the charges and discharge the defendant.

Pa.R.Crim.P. 600.

The Commonwealth contends the Superior Court's holding below—that an oral motion to dismiss was sufficient—conflicts with this Court's decision in *Commonwealth v. Drake,* 489 Pa. 541, 414 A.2d 1023 (1980). In *Drake,* the defendant made an oral motion for dismissal pursuant to former Pa.R.Crim.P. 1100, now Rule 600.[3] The trial court denied the motion on the merits. On appeal, the Superior Court affirmed, but concluded the defendant had waived his Rule 1100 claim by failing to file a written application to dismiss. Upon further appeal, this Court affirmed the Superior Court's decision, explaining that Rule 1100(g) [4]:

**3.** Effective April 1, 2001, Pa.R.Crim.P. 1100 was amended and renumbered as Pa.R.Crim.P. 600.

**4.** At the time *Drake* was decided, the language of subsection (g) of Rule 1100 was contained in subsection (f) of that rule; thereafter, the

requires a copy of an application to dismiss the charges be served upon the attorney for the Commonwealth. This clearly indicates the Rule mandates a written application. The same purposes of providing the trial courts with specific facts and issues for determination and providing certainty in the record on appeal which were advanced by our ruling in *Commonwealth v. Blair,* [460 Pa. 31, 331 A.2d 213 (1975)], will be served by enforcement of the written application requirement under Rule 1100(f).

*Id.* at 544, 414 A.2d at 1024–25 (footnote omitted).[5]

In response to the Commonwealth's argument, Brock first suggests that, "[e]ven assuming that as a general rule motions to dismiss under Rule 600 should be in writing," the trial court in this case did not abuse its discretion by granting his oral motion to dismiss in this case because: (1) the Commonwealth "readily responded" to the oral motion by participating in a review of the docket and calculation of the run date without objection; (2) the Commonwealth was granted a continuance to conduct an investigation for purposes of rebutting evidence introduced by Brock in support of his motion; and (3) the Commonwealth "expressed a mere *pro forma* objection to the absence of a written motion" after it presented evidence at the second hearing. Appellee's Brief at 10.

Additionally, with respect to this Court's decision in *Drake,* Brock contends this Court should not "regard its 1980 decision pertaining to Rule 1100 as automatically applicable to Rule 600. After all, the legislature knows how to legislate a requirement that a pretrial motion be written." *Id.* at 11.[6] As an example, Brock points to Pennsylvania's Rape Shield

substance of subsection (f) was moved to subsection (g) pursuant to the December 31, 1987 amendments to the rule.

5. We further held in *Drake* that the proposition was so longstanding that our decision could apply retroactively. 489 Pa. at 545, 414 A.2d at 1025.

6. In asserting that "the legislature knows how to legislate a requirement that a pretrial motion be written," Appellee's Brief at 11, Brock fails to appreciate that Rule 600 was not promulgated by the legislature, but rather was created by this Court pursuant to our exclusive constitutional power to establish rules of procedure for the courts of the Commonwealth. *See* Pa. Const. art. V, § 10(c).

Statute, which provides, in part, that a "defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial." 18 Pa.C.S.A. § 3104(b).

Brock further suggests that *Drake* should not apply because:

First, in this era of easily accessed computerized records, ascertaining excludable time and run dates is not a particularly difficult undertaking; so often there is no particular need for a written motion. Secondly, there is also no particular need to straightjacket [sic] trial courts in the manner in which they address Rule 600 issues. That is, there is no need to prohibit trial courts from deciding [ ] as an exercise of their discretion to permit oral motions to dismiss where there appears to be no prejudice to the Commonwealth by doing so.

Appellee's Brief at 11.

█ Upon review, we conclude the Superior Court erred in determining *Drake* was not controlling, and in holding that an oral motion to dismiss is sufficient to preserve a Rule 600 claim. In attempting to distinguish this Court's decision in *Drake,* the Superior Court below reasoned:

the Supreme Court reached the holding in *Drake* because the language of Rule 1100 required that such a motion must be made via "written application." [*Drake,* 414 A.2d at 1025]. Rule 1100 was subsequently abolished and replaced by Rule 600. Addressing the question of whether an oral motion to dismiss under Rule 600 is sufficient to preserve the claim, this Court has explicitly held that "[t]he ... language of Rule 600 contains no requirement that an application to dismiss be written and ... an oral motion to dismiss is sufficient to preserve a Rule 600 claim." *Commonwealth v. Bowes,* 839 A.2d 422, 425 (Pa.Super.2003).

*Brock,* 435 EDA 2008, at 5.

Although the language of Rule 1100, now Rule 600, has been amended several times, under both versions of the rule, the

relevant language is substantially the same, and a defendant is required to serve a copy of the motion to dismiss upon the attorney for the Commonwealth. Former Rule 1100(g) provided:

[A]t any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

Pa.R.Crim.P 1100(g). As noted *supra*, Rule 600(G) currently provides, in relevant part:

For defendants on bail after the expiration of 365 days, at any time before trial, the defendant or the defendant's attorney may apply to the court for an order dismissing the charges with prejudice on the ground that this rule has been violated. A copy of such motion shall be served upon the attorney for the Commonwealth, who shall also have the right to be heard thereon.

Pa.R.Crim.P. 600(G). Additionally, the comment to Rule 600 expressly provides, "A copy of the motion must be served on the attorney for the Commonwealth, who has a right under this rule to be heard on the motion." Pa.R.Crim.P. 600 cmt.

Thus, contrary to the Superior Court's suggestion, Rule 1100 was never "abolished," and the pertinent language of former Rule 1100 and Rule 600, including that a defendant "may apply to the court" and that a "copy of such motion shall be served upon the attorney for the Commonwealth," remains the same.

Critically, as we explained in *Drake*, the requirement that a copy of a motion to dismiss "be served upon the attorney for the Commonwealth" clearly presupposes the filing of a written motion. *Drake*, 489 Pa. at 544, 414 A.2d at 1024; *see also Commonwealth v. Martin*, 479 Pa. 609, 613 n. 3, 388 A.2d 1361, 1364 n. 3 (1978) (Rule 1100(g) clearly contemplates a written requirement in light of the mandate that a copy be served upon the attorney for the Commonwealth). *Drake*

remains good law, and the Superior Court erred in ignoring the plain language of Rule 600 and *Drake's* mandate. Thus, we reiterate that a motion to dismiss pursuant to Pa.R.Crim.P. 600 must be made in writing, and a copy of such motion must be served on the Commonwealth's attorney. To the extent *Bowes* holds otherwise, it is hereby disapproved.

Nevertheless, Brock alternatively argues that we should not find he waived his Rule 600 claim by failing to file a written motion under the circumstances of this particular case. Specifically, Brock notes that the prosecutor did not object to proceeding with a review of the docket pursuant to his oral motion, and made only a *pro forma* objection to the lack of a written motion nearly eight months later at a second hearing on the issue. Appellee's Brief at 11. We need not address this contention, however, as we find Brock waived his Rule 600 claim on a distinct basis.

As noted above, the Commonwealth also contends Brock waived his Rule 600 claim by failing to appear in court on the date his case was listed for trial, despite having been notified that he must appear on that date. In support of its contention, the Commonwealth relies on this Court's decision in *Commonwealth v. Steltz*, 522 Pa. 233, 560 A.2d 1390 (1989), wherein we held that a defendant's voluntary absence from a scheduled trial date resulted in waiver of his rule-based right to a speedy trial. Specifically, the defendant in *Steltz* appeared for the call of the trial list on the morning of the day trial was scheduled to begin, which fell within the Rule 1100 run date. The jury venire was empanelled and jury selection was scheduled to begin at 3:00 p.m. that same day, but when the defendant failed to appear at that time, the trial judge ordered a recess until the next morning. The defendant again failed to appear, and was apprehended eleven days later. Trial was rescheduled for a date outside the Rule 1100 date, and, on that day, the defendant filed a pre-trial motion to dismiss pursuant to Rule 1100. The trial court granted the motion, and the Superior Court affirmed. Upon appeal by the Commonwealth, this Court reversed, stating:

One's voluntary absence from a day set for trial within Rule 1100 is a *waiver of that rule*. Therefore, his trial thereafter is, at the reasonable convenience of the court and the prosecuting authorities. Rule 1100 is a procedural rule designed to give reasonable parameters for the commencement of trial.

It is a benefit to one charged that a trial date will be known as closely as possible on our crowded dockets. A trial date for one person is a delay for another. When they voluntarily absent themselves, for whatever reason, they go to the end of the line and must wait their turn after the convenience of the others their absence delayed. We cannot, with limited facilities, let one set the rules according their whim, convenience or wrong.

*Id.* at 235, 560 A.2d at 1391 (emphasis added).

The Superior Court in the instant case distinguished *Steltz* on the basis that the defendant therein absconded only after the first step toward the guilt-determining process had occurred—namely, the jury venire had been empanelled. The Superior Court noted Rule 600 provides that, where a defendant is at liberty on bail, trial must commence no later than 365 days from the date on which the complaint is filed, and reasoned that, for purposes of determining when a trial has commenced,

trial begins ... when the jury is empanelled or voir dire or any other substantial step of trial has begun.... It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony or to some other such first step in the trial.

[T]he principle [sic] concern ... is simply that the commencement of trial be marked by a substantive, rather than a pro forma event. .... Accordingly, the beginning of any stage which leads directly into the guilt determining process is a 'first step' in the trial for the purposes of [Rule 600].

*Commonwealth v. Brock,* 435 EDA 2008, at 6 (quoting *Commonwealth v. Fooks,* 345 Pa.Super. 145, 497 A.2d 1346, 1348 (1985)). The Superior Court concluded that, because the trial court did not direct the parties to proceed to "any stage which leads directly into the guilt determining process," trial had not "commenced" in the instant case, and, therefore, Brock did not waive his Rule 600 claim. For the following reasons, we reject the Superior Court's attempt to distinguish *Steltz.*

Subsection (B) of Rule 600 provides "[f]or the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere.*" Pa.R.Crim.P. 600(B). The comment to Rule 600 provides, *inter alia:*

> [T]rial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire or to opening argument, or to the hearing of any motions which had been reserved for the time of trial, or to the taking of testimony, or to some other such first step in the trial. It is not intended that preliminary calendar calls should constitute commencement of a trial.

Pa.R.Crim.P. 600 cmt.

Former Chief Justice Eagen discussed the meaning of the comment to Rule 600 in *Commonwealth v. Lamonna:*

> The words 'some other such' immediately preceding 'first step in the trial' clearly indicate that the events specifically referred to in the comment are to be considered first steps in a trial for purposes of Rule 1100, . . . even though not all of these events are, strictly speaking, directly involved with the determination of guilt or innocence. . . . This leads to the conclusion that the principal concern behind Rule 1100 is simply that the commencement of trial be marked by a substantive, rather than a pro forma, event. Moreover, each of the events specifically referred to in the foregoing portion of the comment represents a degree of commitment of the Court's time and resources such that the process of determining the defendant's guilt or innocence follows directly therefrom. Accordingly, the beginning of any stage

which leads directly into the guilt-determining process is a 'first step in the trial' for purposes of Rule 1100.

473 Pa. 248, 260, 373 A.2d 1355, 1361 (1977) (Eagen, C.J., concurring)

█ Rule 600 was designed to prevent unnecessary prosecutorial delay in bringing a defendant to trial. For purposes of calculating whether a defendant is brought to trial within the time constraints of Rule 600, requiring that commencement of trial be marked by a substantive, rather than a pro forma, event prevents the Commonwealth from manipulating the Rule 600 clock by initiating superficial or non-substantive court proceedings. Requiring that the commencement of trial be marked by a substantive event places an obligation *on the Commonwealth* to ensure that the spirit behind Rule 600 is not compromised.

However, when *a defendant* deliberately fails to appear in court on the day his case is listed for trial, these concerns simply are not implicated. As we explained in *Steltz*, a trial date for one defendant is a delay for another, and the failure of a defendant to appear at any proceeding to which he was summoned impacts not only the trial judge, attorneys, and jurors, but also other defendants who are awaiting trial. The impact of the defendant's failure to appear is equally adverse regardless of the stage of the proceedings; once a case has been is listed for trial, it is irrelevant whether the defendant absents himself before the proceedings commence or after a substantive event had occurred, as in *Steltz*. A defendant cannot be permitted to frustrate the judicial process in this manner.

Accordingly, as in *Steltz*, we hold that Brock, in voluntarily failing to appear for his scheduled trial listing, waived his Rule 600 claim. Thus, his trial shall be at the reasonable convenience of the trial court.[7] *Steltz*, 522 Pa. at 235, 560 A.2d at 1391.

7. Our holding is not intended to suggest that Brock has waived any potential claim he might have based on his or her constitutional right to a speedy trial. *See Jones v. Commonwealth*, 495 Pa. 490, 499, 434 A.2d 1197, 1201 (1981) ("Although Rule 1100 was designed to implement the

For the reasons set forth above, we reverse the decision of the Superior Court, and remand this matter for further proceedings.

Justice ORIE MELVIN did not participate in the decision of this case.

Justice SAYLOR, EAKIN, BAER and McCAFFERY join the opinion.

Chief Justice CASTILLE files a concurring opinion.

Chief Justice CASTILLE, concurring.

I join the Majority Opinion, subject to a point of clarification respecting footnote 7, which states that the Majority does not mean to suggest that appellee has waived any potential claim based upon a constitutional right to a speedy trial. Maj. Op. at 290, 61 A.3d at 1022. I also write to supplement the Majority's discussion on the waiver arising from appellee's failure to appear.

First, and pertinent to footnote 7, appellee may well have, in fact, waived any claim involving his constitutional right to a speedy trial. However, if the intention of footnote 7 is merely to convey the Majority's belief that appellee's **failure to appear** at his trial did not result in automatic waiver of his constitutional speedy trial right, I concur. But, that is not to suggest that there was any meritorious constitutional argument to be forwarded here; the point is that a failure to appear defeats the Rule-based right.

Second, as the Majority has noted, in *Commonwealth v. Steltz*, 522 Pa. 233, 560 A.2d 1390 (1989), this Court held that a defendant's voluntary absence from a scheduled trial date results in waiver of his Rule-based speedy trial rights, and *Steltz* remains good law. As the Majority notes, the panel's attempted distinction of *Steltz* is unpersuasive; moreover, it is not the proper function of the lower courts to seek to narrow the plain import of this Court's unambiguous legal holdings.

constitutional rights of an accused to a speedy trial, ... the constitutional guarantees continue to provide a separate basis for asserting a claim of undue delay in appropriate case."). However, Brock has not asserted such a claim.

292

It should be remembered that trial notices and subpoenas are not social invitations, to be declined or ignored at the whim of the defendant. Any contrary approach, at least in the context of Rule 600, would be absurd. To reward a defendant's failure to appear by invocation of Rule 600 can only act to encourage similar gaming by a defendant, and others in the future. Because of the extreme nature of the Rule 600 remedy—discharge—waiver appropriately should follow.[1]

1. This Court has long recognized the potential for abuse arising from the nature of the Rule 1100/Rule 600 remedy. *See Commonwealth v. Szuchon,* 506 Pa. 228, 484 A.2d 1365, 1372 (1984), *abrogated on other grounds by Commonwealth v. Lucarelli,* 601 Pa. 185, 971 A.2d 1173 (2009) (addressing cognizability of claims of counsel ineffectiveness in Rule 1100 context).