to public utilities concerned with such project sites.

We hold that a transportation utility need not own facilities at a rail-highway crossing to be a concerned party for purposes of the PUC's cost-allocation jurisdiction and authority, at least where the utility conducts regular operations at the crossing and may enforce an easement-based right of way.

The order of the Commonwealth Court is vacated, and the matter is remanded for consideration of issues which were obviated by the intermediate court's adoption of an ownership litmus.

Former Justice ORIE MELVIN did not participate in the consideration or decision of this case.

Chief Justice CASTILLE, and Justices EAKIN, BAER, TODD and Justice McCAFFERY join the opinion.

■

**COMMONWEALTH of Pennsylvania, Petitioner**

v.

**Melanie JAROMA, Respondent.**

Supreme Court of Pennsylvania.

Oct. 7, 2013.

### *ORDER*

PER CURIAM.

**AND NOW,** this 7th day of October, 2013, the Petition for Allowance of Appeal is **GRANTED,** the Order of the Superior Court is **VACATED,** and the matter is **REMANDED** to the Superior Court for consideration of *Commonwealth v. Brock,* —— Pa. ——, 61 A.3d 1015 (2013) (holding that a motion to dismiss made pursuant to Pa.R.Crim.P. 600 must be made in writing, and a copy of such motion must be served on the Commonwealth's attorney).

■

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Larry WOODSON, Petitioner.**

Supreme Court of Pennsylvania.

Oct. 9, 2013.

### *ORDER*

PER CURIAM.

**AND NOW,** this 9th day of October, 2013, the Petition for Allowance of Appeal

and Application to Remand and/or Withdrawal of Appearance are **DENIED.**