J-A28014-11

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MELANIE JAROMA, | : | |
| | : | |
| Appellee | : | No. 1438 EDA 2010 |

Appeal from the Order entered on April 23, 2010
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0003462-2008;
MC-51-CR-0005201-2008

BEFORE: MUSMANNO, SHOGAN and FITZGERALD*, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED SEPTEMBER 26, 2014**

The Commonwealth of Pennsylvania appeals from the Order granting the oral Motion of Melanie Jaroma ("Jaroma") for dismissal pursuant to Rule 600 of the Pennsylvania Rules of Criminal Procedure. We reverse and remand for further proceedings.

On January 29, 2008, Jaroma was charged with receiving stolen property, theft by failure to make the required disposition of funds, and tampering with records.[1] On January 30, 2008, Jaroma was arrested and subsequently released on her own recognizance. Between January 30, 2008, and August 13, 2009, there were a number of postponements and continuances. On August 13, 2009, Jaroma filed a Rule 600 Motion seeking dismissal of all charges. On August 19, 2009, the trial court heard oral

_____

[1] **See** 18 Pa.C.S.A. §§ 3925, 3927, 4104.

*Former Justice specially assigned to the Superior Court.

argument from both parties regarding Jaroma's Rule 600 Motion, and thereafter denied the Motion as premature. *See* N.T., 8/19/09, at 14.

The case was subsequently scheduled for trial on April 12, 2010. On that date, Jaroma's counsel orally moved for dismissal of all charges pursuant to Rule 600. The trial court took the matter under advisement, ordered the parties to file briefs on the issue, and set the matter for oral argument. On April 23, 2010, the trial court heard argument from both parties regarding Jaroma's oral Rule 600 Motion, and thereafter granted the Motion.

The Commonwealth filed a timely appeal from the trial court's Order granting Jaroma's oral Rule 600 Motion. This Court affirmed the trial court's Order, and the Pennsylvania Supreme Court reversed and remanded for consideration of its decision in **Commonwealth v. Brock**, 61 A.3d 1015 (Pa. 2013). **Commonwealth v. Jaroma**, 46 A.3d 816 (Pa. Super. 2012) (unpublished memorandum), *reversed and remanded*, 77 A.3d 633 (Pa. 2013).

Upon remand, we reconsider the following issue: "Did the [trial] court err by granting [Jaroma's] oral motion for discharge under Rule 600 where the [Pennsylvania] Supreme Court plainly requires a written defense motion prior to granting any relief?" Brief for Appellant at 4.

The Commonwealth contends that a Rule 600 motion must be made in writing. *Id*. at 10. The Commonwealth asserts that because Jaroma's initial

written Rule 600 Motion was denied, the trial court erred in granting Jaroma's subsequent oral Rule 600 Motion because it was not submitted in written form. *Id*. at 10-15.

Our standard of review in evaluating a Rule 600 claim is whether the trial court abused its discretion. *Commonwealth v. Selenski*, 994 A.2d 1083, 1087 (Pa. 2010).

In *Brock*, the Pennsylvania Supreme Court ruled that a Rule 600 motion must be made in writing. *Brock*, 61 A.3d at 1020. The *Brock* court explained that, although the language of Rule 600 (formerly Rule 1100) has been amended several times, under both versions of the rule the relevant language is substantially the same, and requires a defendant to serve a copy of the motion to dismiss upon the attorney for the Commonwealth. *Id*. at 1019; *see also* Pa.R.Crim.P. 600 cmt. The requirement that a copy of a Rule 600 motion be served upon the attorney for the Commonwealth clearly presupposes the filing of a *written* motion. *See Brock*, 61 A.3d at 1019.

Here, Jaroma's initial written Rule 600 Motion was denied by the trial court on August 19, 2009. Jaroma's second Rule 600 Motion, orally presented to the trial court on April 12, 2010, was never reduced to written form, in violation of Rule 600. Accordingly, the trial court erred by entertaining and granting it.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

J-A28014-11

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2014

- 4 -