J-S48030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                :          PENNSYLVANIA
                                                  :

                     v.                           :
                                                :

CHAL KENNEDY                       :
                                                :

               Appellant               :      No. 533 EDA 2017

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015288-2009

BEFORE: DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                  **FILED OCTOBER 26, 2018**

Chal Kennedy (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Because the issue Appellant raises in this appeal relates to Rule 600 of the Pennsylvania Rules of Criminal Procedure, a recitation of the facts underlying his convictions is unnecessary. It suffices to say that Appellant's convictions stem from a home invasion that occurred on August 17, 2009. On October 23, 2013, a jury found Appellant guilty of aggravated assault, robbery, burglary, criminal conspiracy, unlawful restraint, violations of the Uniform Firearms Act, and possession of an instrument of crime. On December 17, 2013, the trial court sentenced Appellant to 10 to 20 years of incarceration. Appellant did not file a direct appeal.

_____
* Retired Senior Judge assigned to the Superior Court.

On November 3, 2014, Appellant filed a timely PCRA petition. Of relevance, Appellant argued that trial counsel was ineffective for failing to file a Rule 600 motion to dismiss on Appellant's behalf. The PCRA court appointed counsel, who subsequently filed a petition to withdraw and no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On December 15, 2016, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On January 20, 2017, the PCRA court formally dismissed Appellant's PCRA petition and granted PCRA counsel's petition to withdraw. Appellant timely appealed[1] to this Court.[2]

On September 17, 2018, this panel affirmed the order dismissing Appellant's PCRA petition, concluding that because Appellant represented himself at trial and litigated a Rule 600 motion, he could not challenge his standby counsel's failure to do so through the PCRA. On September 26, 2018, Appellant filed an application for reargument in which he alleged that this Court confused Appellant with his father, who has the same name – "Chal Kennedy" – and was Appellant's co-defendant at trial. Appellant's father

---

[1] On March 9, 2017, the PCRA court appointed counsel to represent Appellant on appeal.

[2] Both the PCRA court and Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

represented himself, and litigated a Rule 600 motion. Appellant clarified that he was represented by counsel at trial, and that he did not file a Rule 600 motion. Upon review, we determined that this Court did indeed confuse Appellant, Chal Kennedy, with his father and co-defendant, Chal Kennedy, in our prior memorandum. Accordingly, we granted panel reconsideration of Appellant's appeal.[3] We now reconsider Appellant's claims.

Appellant presents the following issues for review:

1.   Was trial counsel ineffective for failing to litigate the Omnibus Motion (Motion to Dismiss pursuant to Rule 600, Pa.R.Crim.Pro.)?

2.   Did the Commonwealth fail to exercise due diligence in bringing [Appellant] to trial pursuant to Rule 600, Pa.R.Crim.Pro?

Appellant's Brief at 4.

Because Appellant's issues are related, we address them together. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

---

[3] "The members of the merits panel may vote to grant panel reconsideration, grant *en banc* reargument, or deny any such application." I.O.P. 65.38(C).

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." ***Id.*** (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188.

Appellant argues that trial counsel was ineffective for failing to pursue a Rule 600 motion to dismiss the charges against him. Rule 600 was designed "to prevent unnecessary prosecutorial delay in bringing a defendant to trial." ***Commonwealth v. Brock***, 61 A.3d 1015, 1021 (Pa. 2013). Rule 600 provides, in pertinent part:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\* \* \*

- 4 -

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(A)(1), (2)(a), (C)(1).

For purposes of determining the time within which trial must be commenced pursuant to paragraph (A), paragraph (C)(1) makes it clear that any delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time. Thus, the inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded. In determining whether the Commonwealth has exercised due diligence, the courts have explained that due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

Delay in the time for trial that is attributable to the judiciary may be excluded from the computation of time. However, when the delay attributable to the court is so egregious that a constitutional right has been impaired, the court cannot be excused for postponing the defendant's trial and the delay will not be excluded.

***Commonwealth v. McCarthy***, 180 A.3d 368, 375 (Pa. Super. 2018) (citation omitted), ***appeal denied***, _____ A.3d._____, 2018 WL 4214515 (Pa. Sept. 5, 2018).

Appellant's ineffective assistance of counsel claim lacks merit. Although Appellant was arrested and charged in this matter on August 18, 2009 and he

- 5 -

did not stand trial until October 15, 2013 (1520 days) – well beyond the mechanical run date under Rule 600(A) – only 16 days of the delay are attributable to the Commonwealth. *See* Trial Court Opinion, 12/12/17, at 4. Thus, any Rule 600 motion would have failed. Indeed, Appellant can only attribute directly to the Commonwealth the delays from April 1, 2010 to April 9, 2010 (the assigned Assistant District Attorney was unavailable) and December 6, 2010 to December 14, 2010 (the Commonwealth requested a continuance for further investigation of Appellant's case). *See* Appellant's Brief at 20-21.

Appellant attempts to attribute to the Commonwealth the delays from March 11, 2013 to June 3, 2013 (a continuance resulting from a Commonwealth witness who was in state custody and not available for trial) and from June 3, 2013 to October 15, 2013 (a continuance that occurred because Appellant was in custody in another county and not available for trial). Appellant asserts that the Commonwealth did not exercise due diligence to ensure that either he or the witness were in court on the necessary dates. At Appellant's trial, however, the court specifically noted for the record that the Commonwealth took all of the procedural steps necessary to have the witness in court on the pertinent date, and thus, there was no lack of diligence on the part of the Commonwealth. N.T., 10/22/13, at 8-9, 219. Appellant points to no evidence refuting this determination. Appellant also provides no explanation as to what the Commonwealth failed to do or should have done

to ensure that he was in court on the relevant date when he was in custody in another county. Because Appellant cannot demonstrate a lack of diligence on the part of the Commonwealth with respect to these dates, the delays are not attributable to the Commonwealth. *See McCarthy*, 180 A.3d at 375.

Finally, the record reveals that a substantial portion of the delays associated with the commencement of trial in this case stem from a busy court calendar, which Appellant attempts to attribute to the Commonwealth because "[t]here is no indication that the Commonwealth did anything to get the case listed sooner or find another judge or courtroom." Appellant's Brief at 21. It is well-settled, however, "that the Commonwealth cannot control the schedule of the trial courts and that therefore [j]udicial delay can support the grant of an extension of the Rule [600] rundate." *Commonwealth v. Trippett*, 932 A.2d 188, 198 (Pa. Super. 2007) (quotations and citations omitted); *see also Commonwealth v. Preston*, 904 A.2d 1, 14 (Pa. Super. 2006) (*en banc*) (concluding that judicial delay justifies postponement of trial where "the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like'"). There is no indication in the record of any instance where Appellant could attribute these delays to the Commonwealth not being prepared to commence trial.

In sum, the record reflects that only 16 days of delay were attributable to the Commonwealth, such that there is no merit to Appellant's claim that

trial counsel was ineffective for failing to file a Rule 600 motion. Accordingly, we conclude that the trial court did not abuse its discretion in dismissing Appellant's PCRA petition.

Order affirmed. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/18