J-A10005-25                    2025 PA Super 105

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :            PENNSYLVANIA
             Appellant              :
                                                  :
                                                  :
            v.                               :
                                                  :
SHAFIQ MUHAMMAD                 :     No. 1299 EDA 2024

Appeal from the Order Entered April 16, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001264-2023

BEFORE:   PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

OPINION BY PANELLA, P.J.E.:                    **FILED MAY 16, 2025**

The Commonwealth appeals from the order entered by the Philadelphia County Court of Common Pleas granting the oral motion of Shafiq Muhammad for dismissal pursuant to Pennsylvania Rule of Criminal Procedure Rule 600 ("Rule 600"). We reverse and remand for further proceedings.

Before we turn to a review of the Commonwealth's appeal, we note with extreme displeasure Muhammad's failure to file an appellee's brief.

> An appellee is required to file a brief that at minimum must contain "a summary of argument and the complete argument for appellee." Pa.R.A.P. 2112. When an appellee does not file a brief, he not only denies himself the opportunity to fully assert his interests, but he denies himself the opportunity to challenge the appellant's assertions. We find this practice unacceptable. ***See Berks County Intermediate Unit v. Workmen's Compensation Appeal Board***, 158 Pa.Cmwlth. 305, 631 A.2d 801, 804 n. 4 (1993) (a "brief that contains a one sentence

---

[*] Retired Senior Judge assigned to the Superior Court.

summary ... and a three-paragraph argument will not generally serve to fully represent an appellee's interests")[.]

***Commonwealth v. Pappas***, 845 A.2d 829, 835 (Pa. Super. 2004). We echo that opinion here, in light of the fact that Muhammad is counseled, and remind counsel of his obligation to file an advocate's brief in future appeals. As Muhammad maintains that his charges were properly dismissed, it was in his best interest to file a brief containing such an argument, and the failure to do so is unacceptable.

On January 13, 2023, Muhammad was charged with criminal mischief, receiving stolen property, recklessly endangering another person, unauthorized use of a motor vehicle, and driving without a license.

On April 16, 2024, the date scheduled for a waiver trial, the court heard oral argument from both parties regarding Muhammad's Rule 600 motion presented to the court for the first time orally that day. Prior to argument, the Commonwealth objected to the Rule 600 motion being heard, based on Muhammad's failure to file a written Rule 600 motion. Defense counsel claimed the motion had been emailed the night prior. Importantly, no such filing appears on the docket, nor does any such written motion appear in the record. Following argument, the court granted the motion and dismissed the charges. This timely appeal followed.

The Commonwealth raises the following issue on appeal:

Did the [trial] court err by dismissing all charges under Rule 600, where [Muhammad] waived his Rule 600 claim by failing to file a written motion in the [trial] court, and where fewer than 365 days

of includable time passed between the filing of the criminal complaint and the dismissal of the charges.

Appellant's Brief, at 6.

"In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion." ***Commonwealth v. Faison***, 297 A.3d 810, 821 (Pa. Super. 2023) (brackets and citation omitted).

The Commonwealth contends Muhammad waived his Rule 600 claim by failing to file a written motion in the trial court, relying on the holding in ***Commonwealth v. Brock***, 61 A.3d 1015 (Pa. 2013).

In ***Brock***, the Pennsylvania Supreme Court ruled that a motion for dismissal pursuant to Rule 600 must be made in writing. ***See Brock****,* 61 A.3d at 1020. The ***Brock*** court explained that, although the language of Rule 600 (formerly Rule 1100) has been amended several times, under all versions of the rule the relevant language is substantially the same, and requires a defendant to serve a copy of the motion to dismiss upon the attorney for the Commonwealth. ***Id****.* at 1019; ***see also*** Pa.R.Crim.P. 600 cmt. The requirement that a copy of a Rule 600 motion be served upon the attorney for the Commonwealth clearly presupposes the filing of a *written* motion. ***See Brock****,* 61 A.3d at 1019.

In supporting its decision to entertain the oral motion, the trial court fails to discuss or reference the holding in ***Brock***. Instead, while acknowledging the language of Rule 600 indicates the need for a written motion, the court nevertheless contends its decision to permit the oral motion

was proper pursuant to Pa.R.Crim.P. 575(a)(1), which governs motions generally.

Rule 575(a)(1) states that "[a]ll motions shall be in writing, except as permitted by the court or when made in open court during a trial or hearing." Pa.R.Crim.P. 575(a)(1).

"Pursuant to Pa.R.Crim.P. 101(C), we must, to the extent practicable, construe the Rules of Criminal Procedure in consonance with the rules of statutory construction, which are set forth in the Statutory Construction Act of 1972." *Commonwealth v. Far*, 46 A.3d 709, 712 (Pa. 2012) (footnote and citations omitted). Section 1933 of the Statutory Construction Act relevantly states that "whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute," and the conflict is not reconcilable, "the special provision[] shall prevail and shall be construed as an exception to the general provision[.]"1 Pa.C.S.A. § 1933.

As between Rule 575 and Rule 600, there can be no doubt Rule 600 is the more specific provision. Rule 575 is a general provision governing motions, whereas Rule 600 is a special provision governing motions relating to prompt trial rights. Nonetheless, the trial court contends the exception permitted under Rule 575 should apply here, thereby contradicting the clear designation for a written motion, with no exception, in Rule 600.

Again, despite Rule 600 being amended several times, the rule has retained the language requiring a written motion, showing a clear intent to stand in contrast to the general rule.

Accordingly, the specific provision of Rule 600 prevails over the general provision in Rule 575. It appears uncontested that Muhammad's Rule 600 motion, orally presented to the trial court on April 16, 2024, was never formally filed in written form, in violation of Rule 600. Accordingly, the trial court erred by entertaining and granting it.

Due to our disposition, we do not reach the Commonwealth's secondary contention, that the court erred in its substantive consideration of the Rule 600 motion.

Order reversed. Case remanded for trial. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/16/2025