J-S81043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WARREN F. ARSAD, III | |
| Appellant | No. 1914 EDA 2015 |

Appeal from the Judgment of Sentence December 14, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0205171-2005

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED NOVEMBER 15, 2016**

Appellant Warren F. Arstad, III, appeals *nunc pro tunc* from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on December 14, 2012, at which time he received an aggregate sentence of six (6) years to twelve (12) years in prison following his convictions of various firearms offenses and a possession of marijuana charge.[1]  We affirm.

The trial court set forth the relevant procedural history and facts herein as follows:

> This case was assigned to the Honorable John J. Poserina, Jr., who commenced a bench trial on April 14, 2009 after

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 6106(A)(1), 6108, 6110.2(A), and 35 Pa.C.S.A. § 780-113(a)(31), respectively.

[Appellant] waived his right to a jury trial. On April 15, 2009, Judge Poserina declared a mistrial due to [Appellant's] jury demand. However, before declaring a mistrial, Judge Poserina denied [Appellant's] May 16, 2008 and March 12, 2009 motions for relief under Rule 600.[1]

After the mistrial was declared, this case was listed for a jury trial before the Honorable Genece E. Brinkley, who denied [Appellant's] June 3, 2010 Rule 600 motion on June 14, 2010. After numerous trial listings and continuances, this case was assigned to this court on September 14, 2010. [Appellant's] jury trial commenced on February 15, 2011, and on February 18, 2011, he was convicted on charges of carrying a firearm without a license in violation of Section 6106, carrying a firearm on public property or streets of Philadelphia in violation of Section 6108, possessing a firearm with an altered manufacturer number, and possession of marijuana. [Appellant] was sentenced to six (6) to twelve (12) years in a state correctional institution on December 14, 2012. [Appellant] filed a post-sentence motion, which was denied by operation of law on May 29, 2013. However, he did not file a notice of appeal.

[Appellant] filed a pro se petition for relief under the Post Conviction Relief Act on August 12, 2013. After the appointment of counsel, an amended PCRA petition, seeking reinstatement of [Appellant's] appellate rights, was filed on February 12, 2015. On May 22, 2015, this court reinstated [Appellant's] appellate rights nunc pro tunc, and granted him leave to file a direct appeal before the Superior Court. On June 19, 2015, [Appellant] filed a notice of appeal. On June 22, 2015, this court ordered [Appellant] to file a statement of matters complained of on appeal, which he filed on July 13, 2015.

In accordance with the Superior Court's August 26, 2015 Order, on September 18, 2015, this court conducted a *Grazier* hearing wherein [Appellant] withdrew his request to proceed pro se.

## STATEMENT OF FACTS

At trial evidence was presented which, when viewed in the light most favorable to the Commonwealth as the verdict winner, established the following. On December 31, 2004, around 9:00 p.m., Philadelphia Police Sergeant Shawn Wilson, was off duty and driving to a family gathering with his two minor children, a twelve (12) year old and a seven (7) year old. As he drove southbound on the 5800 block of North Park Avenue, Sergeant

Wilson observed [Appellant] walking eastbound toward his vehicle. [Appellant] pulled out a silver colored gun from his coat pocket and pointed it toward Sergeant Wilson's vehicle and said: "Boom, boom, boom." In response, Sergeant Wilson instructed his children to put their heads down, and he sped past [Appellant] who continued saying: "boom, boom, boom" as he pointed the gun at other vehicles driving behind Sergeant Wilson. Sergeant Wilson called 911 from his cell phone and described the perpetrator as a "[b]lack male wearing black clothing, dark clothing." He also provided the location where this incident was occurring. Sergeant Wilson stopped his vehicle about one-half block up the street near the intersection of Park Avenue and Grange Street, and [Appellant] ran toward him with the gun still in his hand. To protect himself and his children, Sergeant Wilson turned onto Grange Street. N.T. 02/16/11, pp. 22-89.

At that point, Officers William Matthieu and Michael Zimmerman (now Sergeant) responded and met Sergeant Wilson on Grange Street. Sergeant Wilson identified himself as an off-duty police officer and pointed Officers Matthieu and Zimmerman toward the direction where he last saw [Appellant] on 5800 North Park Avenue. Observing a man wearing "a black jacket, blue jeans, and black boots," Officers Matthieu and Zimmerman ran toward the 5800 block of North Park Avenue and began yelling: "Stop, police" when they were about twenty (20) to twenty-five (25) feet away from [Appellant], who disregarded the order and continued to walk northbound on Park Avenue. A pursuit ensued and Officer Mathieu observed [Appellant] reach into his right coat pocket, pull out a gun and drop it on the ground as he continued to walk away. Officers Mathieu and Zimmerman pursued [Appellant] until they reached him on the 5800 block of North Park Avenue, where he was arrested despite his defiance toward police. N.T. 02/16/11, pp. 22-89, 90-169.

During the arrest, police frisked [Appellant] and recovered seven (7) live rounds of .25 caliber ammunition wrapped in tissue found inside his left jacket pocket. Officer Mathieu observed the dropped gun on a patch of grass about two (2) to three (3) feet away from [Appellant]. Officer Mathieu retrieved the gun, a silver MP Raven .25 caliber firearm with brown grips that had the manufacturer's serial number scratched off. In making the gun safe, Officer Mathieu retrieved one (1) live round of .25 caliber ammunition from the chamber and six (6) live rounds of .25 caliber ammunition from the magazine. In total,

- 3 -

police officers recovered fourteen (14) live rounds of .25 caliber ammunition from [Appellant's] person and from his gun.

[Appellant] was transported to the 35th Police District, where Officers Dawn Wright and Gibson conducted a more extensive search of [Appellant] and recovered four small Ziploc bags containing marijuana. [Appellant's] biographical information listed him as being 5'9" tall and weighing 150 pounds. He was wearing a blue down jacket, a white shirt, blue jeans, and black boots at that time. N.T. 02/16/11, pp. 22-89, 90-176, 180.

At trial, there was a stipulation between the Commonwealth and [Appellant] that the serial number on the firearm was removed by abrasions and that it was chemically restored by the firearms examiner. The parties further stipulated that [Appellant] did not have a valid license to carry a firearm under Section 6109 of the Crimes Code, 18 Pa. C.S. §6109, or a valid sportsman's firearm permit under Section 6106(c) of the Crimes Code, 18 Pa. C.S. §6106(c). N.T. 02/16/11, pp. 22-89, 90-169, 181-182.

___

[1]It should be noted that this case was before the Honorable Genece E. Brinkley before assignment to Judge Poserina for trial. Judge Brinkley heard [Appellant's] December 11, 2006 Rule 600 motion and denied same on March 20, 2007.

On May 22, 2015, the trial court ordered that Appellant's right to file a direct appeal was reinstated *nunc pro tunc*, and on June 19, 2015, Appellant filed his notice of appeal. On June 22, 2015, the trial court directed Appellant to file a concise statement of matters complained of on appeal. On July 13, 2015, Appellant filed his Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) wherein he asserted the trial court had erred in failing to grant his "Rule 600 and speedy trial motion" and challenged the sufficiency and weight of the evidence to sustain his convictions. In his brief, Appellant presents the following two questions for our review:

- 4 -

1.    Were the inconsistencies in the testimony of the police officers significant enough to warrant overturning the verdict as being against the weight of the evidence?

2.    Did the Commonwealth's failure to bring the Appellant to trial for over seven years violate his right to a speedy trial?

Brief of Appellant at 7.[2]

Initially, Appellant argues the verdict was against the weight of the evidence due to numerous "key inconsistences" in the testimony of police officers involved in the matter. Brief of Appellant at 11. Specifically, Appellant maintains the officers' testimony concerning the perpetrator's clothing was unclear and in some instances contradicted statements included in their written reports. *Id*. at 12-13.

> A challenge to the weight of the evidence is distinct from a challenge to the sufficiency of the evidence in that the former concedes that the Commonwealth has produced sufficient evidence of each element of the crime, "but questions which evidence is to be believed." **Commonwealth v. Charlton**, 902 A.2d 554, 561 (Pa.Super. 2006), appeal denied, 590 Pa. 655, 911 A.2d 933 (2006). "A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." **Commonwealth v. Clay**, 619 Pa. 423, 64 A.3d 1049, 1055 (2013). "Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **Id.** (citation omitted). "It

---

[2] In an order filed on September 18, 2015, the trial court indicated that in accordance with this Court's *Per Curiam* Order of November 17, 2015, it had conducted a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998) at which time Appellant withdrew his request to proceed *pro se* and, therefore, counsel would continue to represent Appellant on direct appeal.

has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." *Id.*

The Supreme Court has provided the following guidance for an appellate court's review of the record when the appellant challenges the weight of the evidence:

> In reviewing the entire record to determine the propriety of a new trial, an appellate court must first determine whether the trial judge's reasons and factual basis can be supported. Unless there are facts and inferences of record that disclose a palpable abuse of discretion, the trial judge's reasons should prevail. It is not the place of an appellate court to invade the trial judge's discretion any more than a trial judge may invade the province of a jury, unless both or either have palpably abused their function.
>
> To determine whether a trial court's decision constituted a palpable abuse of discretion, an appellate court must examine the record and assess the weight of the evidence; not however, as the trial judge, to determine whether the preponderance of the evidence opposes the verdict, but rather to determine whether the court below in so finding plainly exceeded the limits of judicial discretion and invaded the exclusive domain of the jury. Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion. *Id.* at 1056.

*Interest of J.B.*, 2016 WL 4547955 at *10-11 (Pa.Super. Sept. 1, 2016).

In addition, "[a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion."

*Commonwealth v. Griffin*, 65 A.3d 932, 938 (Pa.Super. 2013) (citing Pa.R.Crim.P. 607) (other citations omitted).

In the matter *sub judice*, Appellant properly preserved this claim when he raised a challenge to the weight of the evidence in a timely filed post-sentence motion on December 21, 2012. Notwithstanding, upon our review of the record and the trial court's opinion, we conclude the trial court did not palpably abuse its discretion in reaching its decision. *See Interest of J.B*, *supra*.

Significantly, police officers collectively stated they maintained a clear view of Appellant and that he possessed and discarded the firearm prior to his arrest. As the trial court stated, the jury as factfinder heard the minor inconsistencies in the officers' accounts of Appellant's arrest and description of his attire. The jury was free to resolve any conflicting evidence in a light most favorable to the Commonwealth, and its verdict evinces it did so. Trial Court Opinion, filed 3/24/16, at 9. The trial court stressed:

> The evidence presented at trial showed that Sergeant Wilson observed [Appellant] pull out a gun, point it at his vehicle and other vehicles, and say: Boom, boom, boom." When responding officers arrived on the scene, they were immediately informed of the perpetrator's location and began to pursue [Appellant]. There is no evidence that they lost sight of [Appellant] even when he attempted to walk away from the scene. Indeed, police observed [Appellant] drop the gun and continue to walk northbound before they were able to catch up with him. When police reached [Appellant], they arrested him. Certainly, this evidence shows that police observed [Appellant] engaging in criminal activity and arrested him after engaging a foot pursuit. Consequently, there is no merit to [Appellant's] argument.

*Id*. at 10.

The jury considered the evidence and determined that the officers testified credibly. "This Court cannot substitute its judgment for that of the jury on issues of credibility." *Commonwealth v. DeJesus,* 580 Pa. 303, 311, 860 A.2d 102, 107 (2004). In addition, the trial court which observed the witnesses as they testified throughout trial held the jury's verdict was not contrary to the evidence and did not shock its sense of justice. Based upon the record before us, we find no abuse in the trial court's exercise of discretion in this regard. *Commonwealth v. Brown*, 71 A.3d 1009, 1014 (Pa.Super. 2013).

Appellant next asserts the trial court erred in failing to grant his "pretrial motion" to dismiss under Pa.R.Crim.P. 600. Specifically, Appellant contends that under Rule 600, the Commonwealth is required to commence a defendant's trial within 365 days of the filing of a criminal complaint. However, Appellant asserts that in the case *sub judice*, Appellant was arrested on December 31, 2004, and his trial did not commence until February 15, 2011, over seven years later; therefore, the charges should have been dismissed because the Commonwealth failed to meet its burden of demonstrating that the delays were excludable. Brief for Appellant at 11, 14. Our scope and standard of review for such a claim is well-settled:

> In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with

law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record, discretion is abused.

*Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa.Super. 2004)

(quotations, quotation marks, and citations omitted).

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters . . . courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Ramos*, 936 A.2d 1097, 1100 (Pa.Super. 2007) (*en banc*) (quotation omitted).

Rule 600(A)(2)(a) requires that trial commence within 365 days of the filing of the written complaint.

The mechanical run date is the date by which the trial must commence under Rule 600. It is calculated by adding 365 days (the time for commencing trial under Rule 600) to the date on

- 9 -

which the criminal complaint is filed. ... [T]he mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.  If the defendant's trial commences prior to the adjusted run date, we need go no further.

*Ramos*, 936 A.2d at 1102 (internal citation, brackets and footnote omitted).

In addition, Pa.R.Crim.P. 600(D)(1) provides that a new run period will commence when "a trial court has granted a new trial and no appeal has been perfected."

Before we consider the merits of this issue, we must first determine whether Appellant has preserved it for our review.  To preserve a claim for relief under Rule 600, an appellant must file and serve upon the Commonwealth a written motion requesting such relief.  *Commonwealth v. Brock*, 619 Pa. 278, 285, 61 A.3d 1015, 1019 (2013).  In determining that an oral motion to dismiss was insufficient, our Supreme Court in *Brock* reasoned as follows:

> In *[Commonwealth v.] Drake*, [489 Pa. 541, 414 A.2d 1023 (1980)], the defendant made an oral motion for dismissal pursuant to former Pa.R.Crim.P. 1100, now Rule 600. The trial court denied the motion on the merits. On appeal, the Superior Court affirmed, but concluded the defendant had waived his Rule 1100 claim by failing to file a written application to dismiss. Upon further appeal, this Court affirmed the Superior Court's decision, explaining that Rule 1100(g):
>
>> requires a copy of an application to dismiss the charges be served upon the attorney for the Commonwealth. This clearly indicates the Rule mandates a written application. The same purposes of providing the trial courts with specific facts and issues for determination and providing certainty in the record on appeal which

- 10 -

> were advanced by our ruling in ***Commonwealth v. Blair***, [460 Pa. 31, 331 A.2d 213 (1975) ], will be served by enforcement of the written application requirement under Rule 1100(f).
>
> ***Id***. at 544, 414 A.2d at 1024–25 (footnotes omitted).

***Commonwealth v. Brock***, 619 Pa. 278, 283–84, 61 A.3d 1015, 1017–18 (2013) (footnote omitted).

A review of the certified record herein reveals only a *pro se* correspondence filed with the Honorable Genece E. Brinkley on June 3, 2010, wherein Appellant stated that because the Honorable John J. Poserina had declared a mistrial on April 15, 2009, his trial should have commenced by April 15, 2010, under Rule 600.  Appellant still was represented by counsel at that time, and no counseled motion raising a challenge under Rule 600 had been filed; therefore, Appellant's *pro se* filing constitutes a legal nullity, as it is well-settled that no defendant has a right to hybrid representation.  ***Commonwealth v. Padilla***, 62 Pa. 449, 485, 80 A.3d 1238, 1259 (Pa. 2013); Pa.R.Crim.P. 120(a)(4) (stating "[a]n attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court…").  As a result of Appellant's failure properly to present his motion for relief pursuant to Rule 600 before the trial court, it appears he has waived this claim on appeal.

Notwithstanding, the certified record contains an order entered on March 20, 2007, wherein the trial court indicates that "after consideration of

the 1013 Motion and 600A2 Motion presented by the attorney for the [Appellant]," such motions were denied. However, nowhere does the order indicate whether the referenced, counselled motion had been in writing and properly filed and none appears in the certified record before us. In addition, in an order entered on June 14, 2010, the trial court stated the following:

> **AND NOW**, this 14th day of June, 2010, it is hereby **ORDERED** that [Appellant's] request for release under Rule 600(g) is **DENIED**. Judge Poserina ruled on this motion on April 15, 2009, and the time elapsed from April 15, 2009 to present is excludable time based upon three separate changes of defense back-up counsel or extendable based upon the [c]ourt's calendar.
>
> ****

In light of the foregoing, even were this Court to give credence to Appellant's written *pro se* Rule 600 motion or assume, *arguendo*, the aforesaid motions to dismiss were in writing and properly served upon the attorney for the Commonwealth, not set forth orally at a hearing, we would apply Pa.R.A.P. 2119(a) to find waiver for Appellant's failure to develop a meaningful argument with citation to relevant, legal authority on this claim in his appellate brief. **See Commonwealth v. Heilman**, 867 A.2d 542, 546 (Pa.Super. 2005) (recognizing that failure to include "such discussion and citation of authorities as are deemed pertinent" may result in waiver of claim); **Commonwealth v. Cornelius**, 856 A.2d 62, 77 (Pa.Super. 2004)(declining to review claim where brief contains limited explanation and development of argument). Appellant merely lists docket entries with some

- 12 -

footnotes thereto in the "Statement of the Case" portion of his brief and makes bald assertions in the Argument section thereof that the Commonwealth failed to meet its burden of proving the delays were excludable; therefore, he concludes his right under both the Pennsylvania and federal constitutions to a speedy trial was violated under the "technical mandates of Rule 600." Brief for Appellant at 15.

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. [M]ere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of [a] matter.

*Coulter v. Ramsden*, 94 A.3d 1080, 1088–89 (Pa.Super. 2014), *appeal denied*, ___ Pa. ____, 110 A.3d 998 (2014) (Table) (internal citations and quotation marks omitted). Therefore, we find Appellant waived this claim for lack of development. *Umbelina v. Adams*, 34 A.3d 151, 161 (Pa.Super. 2011), *appeal denied*, 47 A.3d 848 (Pa. 2012). *See also Commonwealth v. Williams*, 732 A.2d 1167, 1175 (Pa. 1999) (noting that relief is

unavailable based upon undeveloped claims for which insufficient argument is presented on appeal). [3]

For all of the the foregoing reasons, we affirm.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2016

---

[3] Had Appellant properly preserved this issue and developed an argument in support of it, the trial court determined application of Rule 600 to the instant case was straightforward. We find no error in the trial court's analysis and, therefore, we would conclude the trial court did not abuse its discretion in denying Appellant's motion to dismiss under Rule 600. *See* Trial Court Opinion, filed 3/24/16 at 11-15. *See Commonwealth v. Ramos*, 936 A.2d at 1103 ("We add the amount of excludable time, if any, to the mechanical run date to arrive at an adjusted run date.") (citation omitted)).

[4]An appellate court may affirm the trial court on any basis if the ultimate decision is correct. *Commonwealth v. Reese*, 31 A.3d 708, 727 (Pa.Super. 2011) (*en banc*).