J-S78009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
THOMAS EUGENE CURRIE :
:
Appellant : No. 396 WDA 2017

Appeal from the PCRA Order February 6, 2017
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000068-2014

BEFORE: OLSON, DUBOW and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.: **FILED JANUARY 30, 2018**

Appellant, Thomas Eugene Currie, appeals from the February 6, 2017 order denying his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The factual background of this case is as follows. After Shorty's Restaurant closed on the evening of February 13, 2013, Appellant confronted the manager of the restaurant at gunpoint and demanded money from the restaurant's safe. When the manager informed Appellant that he could not open the safe, Appellant demanded the manager's wallet. The manager told Appellant that he had no cash on his person. Appellant fled after threatening the manager while telling him not to call the police.

The procedural history of this case is as follows. On December 5, 2013, the Commonwealth charged Appellant via criminal complaint with

_____
* Retired Senior Judge assigned to the Superior Court

robbery,[1] making terroristic threats,[2] simple assault,[3] recklessly endangering another person,[4] and disorderly conduct.[5]  On March 14, 2014, the Commonwealth filed a criminal information charging Appellant with those same offenses.  On October 16, 2014, a pretrial conference occurred.  The Commonwealth was prepared to proceed to trial at that time.  On April 1, 2015, Appellant moved to dismiss the case pursuant to Pennsylvania Rule of Criminal Procedure 600.[6]  On April 7, 2015, Appellant withdrew his Rule 600 motion and pleaded guilty to robbery.  As part of the negotiated plea, he was immediately sentenced to 54 to 108 months' imprisonment.  He filed no direct appeal.

On August 6, 2015, Appellant filed a *pro se* PCRA petition.  Counsel was appointed and filed an amended petition.  On January 24, 2017, the PCRA court conducted an evidentiary hearing.  On February 2, 2017, the PCRA court denied the petition.  This timely appeal followed.[7]

---

[1] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[2] 18 Pa.C.S.A. § 2706(a)(1).

[3] 18 Pa.C.S.A. § 2701(a)(3).

[4] 18 Pa.C.S.A. § 2705.

[5] 18 Pa.C.S.A. § 5503(a)(4).

[6] The motion was not docketed until April 10, 2015.

[7] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal ("concise statement").  **See** Pa.R.A.P. 1925(b).  Nonetheless, Appellant filed a concise statement on March 8, 2017.  On June

Appellant presents one issue for our review:

Whether the PCRA court erred when it dismissed [] Appellant's [a]mended PCRA [p]etition?

Appellant's Brief at 4.

"We review the denial of a PCRA [p]etition to determine whether the record supports the PCRA court's findings and whether its [o]rder is otherwise free of legal error." **Commonwealth v. McGarry**, 172 A.3d 60, 65 (Pa. Super. 2017) (citation omitted). Appellant's lone issue challenges the effectiveness of his plea counsel.

"[T]he Sixth Amendment to the United States Constitution and Article I, [Section] 9 of the Pennsylvania Constitution, [entitle a defendant] to effective counsel. This right is violated where counsel's performance so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." **Commonwealth v. Simpson**, 112 A.3d 1194, 1197 (Pa. 2015) (internal quotation marks and citation omitted). "In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." **Commonwealth v. Orlando**, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citation omitted).

"Counsel is presumed to have been effective." **Commonwealth v. Andrews**, 158 A.3d 1260, 1263 (Pa. Super. 2017). To prevail on an

_____

7, 2017, the PCRA court issued a Rule 1925(a) opinion. Appellant included his lone issue in his concise statement.

- 3 -

ineffective assistance of counsel claim, a "petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his [or her] client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error." *Commonwealth v. Grove*, 170 A.3d 1127, 1138 (Pa. Super. 2017) (citation omitted). "Failure to satisfy any prong of the test will result in rejection of the [petitioner's] ineffective assistance of counsel claim." *Commonwealth v. Smith*, 167 A.3d 782, 787-788 (Pa. Super. 2017) (citation omitted).

Appellant argues that his plea counsel was ineffective for advising him to plead guilty and withdraw his Rule 600 motion. We focus on the second prong of the test for ineffectiveness, *i.e.*, whether Appellant's plea counsel had an objectively reasonable basis to recommend that Appellant accept the Commonwealth's negotiated plea offer in exchange for withdrawing his Rule 600 motion.

Rule 600 provides:

(A) Commencement of Trial; Time for Trial

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

* * *

(C) Computation of Time

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

* * *

(3)(a) When a judge or issuing authority grants or denies a continuance:

(i) the issuing authority shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance; and

(ii) the judge shall record the identity of the party requesting the continuance and the reasons for granting or denying the continuance. The judge also shall record to which party the period of delay caused by the continuance shall be attributed, and whether the time will be included in or excluded from the computation of the time within which trial must commence in accordance with this rule.

* * *

(D) Remedies

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

As this Court has explained:

Rule 600 ultimately provides for the dismissal of charges if the Commonwealth fails to bring the defendant to trial within 365 days of the filing of the complaint (the "mechanical run date"),

subject to certain exclusions for delays attributable to the defendant. Conversely, to protect society's right to effective prosecution prior to dismissal of charges, Rule 600 requires the court to consider whether the Commonwealth exercised due diligence, and whether the circumstances occasioning the delay of trial were beyond the Commonwealth's control. If the Commonwealth exercised due diligence and the delay was beyond the Commonwealth's control, the motion to dismiss shall be denied. The Commonwealth, however, has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. As has been oft stated, "due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort.

***Commonwealth v. Cole***, 167 A.3d 49, 71–72 (Pa. Super. 2017) (internal quotation marks and citations omitted).

Here, Appellant concedes that he requested one continuance after the criminal complaint was filed and that 29 days were, therefore, excludable under Rule 600. He argues that there was no other excludable time. Hence, he contends that the adjusted run date was January 3, 2015 – three months before his counsel advised him to plead guilty to the robbery offense in exchange for withdrawing his Rule 600 motion. As he also argues that the Commonwealth failed to act with due diligence, he claims he would have been entitled to dismissal under Rule 600.

Appellant's argument fails because the PCRA court found plea counsel's testimony at the evidentiary hearing credible. Plea counsel testified that she informed Appellant that she was unsure whether the time from the pretrial conference forward was excludable. N.T., 1/24/17, at 7. She explained to Appellant that it was possible that the trial court could find

the time excludable as delay attributable to itself. *Id.*; *see Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017) (citation omitted) ("periods of judicial delay are excludible from calculations under [Rule 600]"). She explained that the Commonwealth was ready to proceed to trial at the pretrial conference – 50 days before the mechanical run date. N.T., 1/24/17, at 10. Thus, she believed it possible the trial court could find the time after the pretrial conference as excludable. *Id.* Contrary to Appellant's assertion, his plea counsel's understanding of the Rule 600 issue was correct. Appellant relies on the comment to Rule 600 which provides that "preliminary calendar calls [do not] constitute commencement of trial." Pa.R.Crim.P. 600 cmt. He also relies on our Supreme Court's statement that "requiring that commencement of trial be marked by a substantive, rather than a *pro forma*, event prevents the Commonwealth from manipulating the Rule 600 clock by initiating superficial or non-substantive court proceedings." *Commonwealth v. Brock*, 61 A.3d 1015, 1021 (Pa. 2013). *Brock* and the comment to Rule 600, however, address when trial commences under Rule 600(A) and not what time is excludable under Rule 600(C). We agree with Appellant that trial did not commence on October 16, 2014. That fact, however, is immaterial for determining whether the time after the pretrial conference was excludable under Rule 600(C).

As noted above, our Supreme Court recently reaffirmed that "where a trial-ready prosecutor must wait several months due to a court calendar, the

time should be treated as 'delay' for which the Commonwealth is not accountable." ***Mills***, 162 A.3d at 325; ***see Commonwealth v. Bradford***, 46 A.3d 693, 705 (Pa. 2012). Here, the PCRA court credited plea counsel's testimony that the prosecutor was ready for trial in October 2014. It was only because of the trial court's calendar that Appellant's trial was postponed. Therefore, Appellant's plea counsel was correctly skeptical about the chances of succeeding on the Rule 600 motion. Hence, she had an objectively reasonable basis for counseling Appellant to seriously consider accepting the Commonwealth's negotiated plea offer and withdrawing his Rule 600 motion.

Appellant knew that the Commonwealth's negotiated plea offer was contingent upon him withdrawing his Rule 600 motion. Therefore, Appellant had a choice. He could litigate his Rule 600 motion and risk losing. He could also withdraw his Rule 600 motion and be guaranteed a sentence of 54 to 108 months' imprisonment. With the input of his plea counsel, Appellant chose the latter option. As plea counsel's advice was objectively reasonable, Appellant failed to plead and prove that her advice led to an involuntary or unknowing plea. Hence, the trial court's determination that Appellant is not entitled to relief is free of legal error and we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

- 8 -

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2018