J-S48030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAL KENNEDY | : | |
| | : | |
| Appellant | : | No. 533 EDA 2017 |

Appeal from the PCRA Order January 20, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0015288-2009

BEFORE: DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 17, 2018**

Chal Kennedy (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

Because the issue Appellant raises in this appeal relates to Rule 600 of the Pennsylvania Rules of Criminal Procedure, a recitation of the facts underlying his convictions is unnecessary. It suffices to say that Appellant's convictions stem from a home invasion that occurred on August 17, 2009. On October 23, 2013, a jury found Appellant guilty of aggravated assault, robbery, burglary, criminal conspiracy, unlawful restraint, violations of the Uniform Firearms Act, and possession of an instrument of crime. On December 17, 2013, the trial court sentenced Appellant to 10 to 20 years of incarceration. Appellant did not file a direct appeal.

_____

* Retired Senior Judge assigned to the Superior Court.

On November 3, 2014, Appellant filed a timely PCRA petition. The PCRA appointed counsel, who subsequently filed a petition to withdraw and no merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). On December 15, 2016, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. On January 20, 2017, the PCRA court formally dismissed Appellant's PCRA petition and granted PCRA counsel's petition to withdraw. Appellant timely appealed[1] to this Court.[2]

On appeal, Appellant presents the following issues for review:

1. Was trial counsel ineffective for failing to litigate the Omnibus Motion (Motion to Dismiss pursuant to Rule 600, Pa.R.Crim.Pro.)?

2. Did the Commonwealth fail to exercise due diligence in bringing [Appellant] to trial pursuant to Rule 600, Pa.R.Crim.Pro?

Appellant's Brief at 4.

Because Appellant's issues are related, we address them together. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014) (quotations and

---

[1] On March 9, 2017, the PCRA court appointed counsel to represent Appellant on appeal.

[2] Both the PCRA court and Appellant have complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure.

citations omitted).  "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.[A.] § 9543(a)(2)[.]" *Id.*

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance.  *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014).  To overcome that presumption, the petitioner must establish:  "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different."  *Id.* (citation omitted).  If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

Appellant argues that trial counsel was ineffective for failing to pursue a Rule 600 motion to dismiss the charges against him.[3]  Appellant's ineffective

---

[3] Rule 600 was designed "to prevent unnecessary prosecutorial delay in bringing a defendant to trial."  *Commonwealth v. Brock*, 61 A.3d 1015, 1021 (Pa. 2013).  Rule 600 provides, in pertinent part:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

assistance of counsel claim lacks arguable merit for two reasons. First, although the record is unclear as to precisely when Appellant requested to proceed *pro se*, it nonetheless reflects that although he had the benefit of standby counsel, Appellant represented himself prior to and during trial. **See e.g.**, N.T., 10/15/13, at 14; N.T., 10/17/13, at 25 (trial court stating "at previous proceedings [the trial court] heard testimony and granted [Appellant] the right to represent himself"). The Pennsylvania Supreme Court has held that an appellant may not raise ineffectiveness claims that challenge his own performance as counsel. **Commonwealth v. Bryant**, 855 A.2d 726, 739 (Pa. 2004).

Moreover, the transcript of Appellant's trial reveals that he did in fact argue a Rule 600 motion before the trial court, which the court denied. To

---

(2) Trial shall commence within the following time periods.

 (a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

 \*   \*   \*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600.

the extent Appellant now argues that the trial court erred in denying his Rule 600 motion, this claim is meritless because it has been previously litigated. To be eligible for PCRA relief, a petitioner must plead and prove that the allegation of error has not been previously litigated. 42 Pa.C.S.A. § 9543(a)(3). "A claim is previously litigated if it has been raised in the trial court, the trial court has ruled on the merits of the issue and the petitioner did not appeal[.]" **Commonwealth v. Smith**, 17 A.3d 873, 883 (Pa. 2011) (citing 42 Pa.C.S.A. § 9544(a)(1)) (quotations and citations omitted). In this case, Appellant raised his Rule 600 claim before the trial court, the trial court denied the claim on the merits, and Appellant did not appeal the issue.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in dismissing Appellant's PCRA petition.[4]

_____

[4] Although Appellant was arrested and charged in this matter on August 18, 2009 and he did not stand trial until October 15, 2013 (1520 days) – well beyond the mechanical run date under Rule 600(A) – only 16 days of the delay are directly attributable to the Commonwealth. **See** Trial Court Opinion, 12/12/17, at 4. The record reveals that a substantial portion of the delays associated with beginning trial in this case stem from a busy trial calendar, which Appellant attempts to attribute to the Commonwealth because "[t]here is no indication that the Commonwealth did anything to get the case listed sooner or find another judge or courtroom." Appellant's Brief at 21. It is well-settled, however, "that the Commonwealth cannot control the schedule of the trial courts and that therefore [j]udicial delay can support the grant of an extension of the Rule [600] rundate." **Commonwealth v. Trippett**, 932 A.2d 188, 198 (Pa. Super. 2007) (quotations and citations omitted); **see also Commonwealth v. Preston**, 904 A.2d 1, 14 (Pa. Super. 2006) (*en banc*) (concluding that judicial delay justifies postponement of trial where "the Commonwealth was prepared to commence trial prior to the expiration of the mandatory period but the court was unavailable because of 'scheduling difficulties and the like'").

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/17/18