J-S52038-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| WILLIAM ALEXANDER HIMCHAK, III | : | |
| Appellant | : | No. 149 MDA 2018 |

Appeal from the Judgment of Sentence December 20, 2017
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000095-2015

BEFORE:   BENDER, P.J.E., MCLAUGHLIN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:            **FILED OCTOBER 29, 2018**

William Alexander Himchak, III (Appellant) appeals from the December 20, 2017 judgment of sentence following a jury trial.  We affirm.

We begin with a brief procedural history.  On December 10, 2014, Appellant was charged with two counts of intercepting communications and two counts of disclosing intercepted communications.[1]  Following several appointments of counsel, petitions to withdraw as counsel, and appointments of new counsel; several continuances; a mental health evaluation followed by a finding of incompetency and court-ordered treatment to restore competency; a waiver of counsel; numerous *pro se* filings; appointment of new counsel upon request; a bail revocation hearing; more continuances; a

_____

[1] The underlying facts are not germane to this appeal.

*Retired Senior Judge assigned to the Superior Court.

petition for a writ of *habeas corpus* with accompanying hearing; a second waiver of counsel and more *pro se* filings, Appellant appeared *pro se* for a jury trial on November 21, 2017. **See** Trial Court Opinion, 3/13/2018, at 1-6 (explaining in detail this tortured procedural history). The jury found Appellant guilty of all charges, and on December 20, 2017, the trial court sentenced Appellant to an aggregate term of 210 days to 36 months of incarceration. That same day, the trial court granted Appellant's oral motion for the appointment of counsel, and this timely-filed appeal followed.[2]

On appeal, Appellant presents a single claim for our review.

> Whether the trial court erred in denying without a hearing Appellant's oral motion to dismiss charges that were brought to trial in excess of the time limitations contained within Pa.R.Crim.P. 600, thereby violating his constitutional right to a speedy trial under both the United States and Pennsylvania [constitutions]?

Appellant's Brief at 7 (unnecessary capitalization and footnote omitted).[3]

We begin with our standard of review.

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

---

[2] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

[3] In lieu of a brief, the Commonwealth filed a letter stating that it was in agreement with the analysis in the trial court's Pa.R.A.P. 1925(a) opinion. Letter, 8/6/2018.

The proper scope of review ... is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Commonwealth v. Watson*, 140 A.3d 696, 697-98 (Pa. Super. 2016)

(quoting *Commonwealth v. Peterson*, 19 A.3d 1131, 1134–35 (Pa. Super.

2011)).

The text of Rule 600 is as follows, in pertinent part.

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or *nolo contendere*.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

* * *

**(D) Remedies**

(1) When a defendant has not been brought to trial within the time periods set forth in paragraph (A), at any time before trial, the defendant's attorney, or the defendant if unrepresented, may file a written motion requesting that the charges be dismissed with prejudice on the ground that

- 3 -

this rule has been violated. A copy of the motion shall be served on the attorney for the Commonwealth concurrently with filing. The judge shall conduct a hearing on the motion.

Pa.R.Crim.P. 600.

Before we consider the merits of Appellant's claim, we must determine first whether he has preserved it for our review. "[A] motion to dismiss pursuant to Pa.R.Crim.P. 600 must be made in writing, and a copy of such motion must be served on the Commonwealth's attorney." ***Commonwealth v. Barbour***, 189 A.3d 944, 957 (Pa. 2018), *quoting* ***Commonwealth v. Brock***, 61 A.3d 1015, 1020 (Pa. 2013).[4]

The trial court explained that "[d]espite there not being a properly filed and served motion addressing Rule 600 concerns[, it] did undertake a review of the record and issued an order [on November 9, 2017, regarding Rule 600.]" N.T. 11/13/2017, at 3. Specifically, in that order, the court stated that "given [Appellant's] consistent oral assertions[5] in [the trial court,] despite his

_____

[4] In ***Brock***, our Supreme Court noted that "[a]lthough the language of Rule 1100, now Rule 600, has been amended several times, under both versions of the rule, the relevant language is substantially the same, and a defendant is required to serve a copy of the motion to dismiss upon the attorney for the Commonwealth." 61 A.3d at 1019. ***Brock*** was decided under an earlier version of Rule 600. However, the same language appears in the current version of Rule 600 that is applicable here. ***See*** Pa.R.Crim.P. 600(D)(1).

[5] Our review of the transcripts included in the certified record has not revealed to what oral motions the trial court is referring in its November 9, 2017 order. However, any oral motion to dismiss would likewise fail to comply with Rule 600's requirement that a motion be made in writing and served on the Commonwealth, as discussed *infra*.

failure to properly raise the issue of whether he is entitled to relief under Pa.R.Crim.P. 600," the trial court "will take no action on the [] issue raised by [Appellant] pertaining to Pa.R.Crim.P. 600, as the dates considered in the computation are in compliance with Pa.R.Crim.P. 600." Order of Court, 11/9/2017, at 1, 4.[6] In other words, the trial court entered an order stating that it would take no action on Appellant's oral motions to dismiss, which did not comply with Rule 600, while also noting what date ranges the court considered as excludable time, thus satisfying itself that no Rule 600 violation had occurred.

Our review of the record reveals that Appellant attempted to file what purported to be a Rule 600 motion while he was proceeding *pro se* the second time. **See** *Pro Se* Filing "Injunctive Relief," 10/16/2017, at ¶¶ 3-4. **See also** *Pro Se* Filing, 11/9/2017, at 1 (unnumbered) (referencing his Rule 600 motion dated October 12, 2017). "Under Pennsylvania law, *pro se* defendants are subject to the same rules of procedure as are represented defendants." **Commonwealth v. Blakeny**, 108 A.3d 739, 766 (Pa. 2014). As with many

_____

[6] In its Rule 1925(a) opinion, the trial court states that its November 9, 2017 order "was erroneously entered under a separate docket relating to [Appellant] … However, [Appellant] was served with the [o]rder, and acknowledged the [trial court's] action on the record at the time of jury selection." Trial Court Opinion, 3/13/2018, at 9 n.4, *citing* N.T., 11/13/2017, at 3-11. Upon review of the record, we find this error to be harmless as Appellant acknowledged receipt of the November 9, 2017 order at jury selection and in a *pro se* filing purporting to appeal from that order, and it is part of the certified record on appeal.

of his *pro se* motions,[7] Appellant failed to serve the October 2017 Rule 600 motion on the Commonwealth as required by Pa.R.Crim.P. 600(D)(1), and failed to include a certificate of service as required by Pa.R.Crim.P. 576(B). **See** *Pro Se* Filing, 10/16/2017. **See also** N.T., 11/6/2017, at 3 (verifying that the Commonwealth had not received a Rule 600 motion from Appellant).[8]

In his brief, Appellant acknowledges that he failed to file a written motion to dismiss in compliance with Pa.R.Crim.P. 600. Appellant's Brief at 15. Moreover, he concedes that "[h]ad the court done nothing in response to Appellant's oral claims of a violation of his speedy trial rights, the position that Appellant did not properly file nor serve his motion to dismiss would have some merit." **Id.** However, Appellant argues that notwithstanding this failing, "the trial court took upon itself to address the Rule 600 issue through an [o]rder … and in doing so, failed to comply with the hearing requirement of the rule on which its decision was predicated." **Id.** We disagree.

---

[7] Appellant's *pro se* filings consistently failed to comply with Pa.R.Crim.P. 575 (stating the requirements for motions and answers), resulting in the trial court issuing orders notifying Appellant of such and stating that it would take no action. **See, e.g.,** Order of Court 8/8/2016 (failing to comply with Pa.R.Crim.P. 575); Order of Court 8/18/2016 (filing combined documents referencing his state civil actions, state criminal actions, federal actions); Order of Court 8/22/2016 (failing to comply with Pa.R.Crim.P. 575).

[8] Only an excerpt of this pre-trial conference transcript was made part of the certified record on appeal. However, its incompleteness does not impede our review.

Upon review, we conclude that Appellant never invoked the requirement of a hearing because he failed to file a written motion in compliance with Pa.R.Crim.P. 600(D)(1). Because no such motion was filed, the trial court appropriately took no action. The trial court's inclusion of its excludable time computations in its November 9, 2017 order may have confused Appellant into believing that a Rule 600 motion had been **denied** without a hearing. However, the trial court's order clearly decreed that it was **taking no action** because Appellant had failed to file a proper Rule 600 motion. By including the time calculation, the court simply noted its understanding that no blatant Rule 600 violation had occurred.

Accordingly, we find that because Appellant did not file a written motion in compliance with Pa.R.Crim.P. 600(D)(1), he has failed to preserve this issue for our review.[9] **See Brock**, 61 A.3d at 1020 (reiterating that to preserve a Rule 600 claim, "a motion to dismiss pursuant to Pa.R.Crim.P. 600 must be

---

[9] We note that Appellant makes fleeting references to the United States and Pennsylvania constitutions in his Statement of Questions Involved, Appellant's Brief at 7; Concise Statement of Matters Complained of on Appeal, Concise Statement of Matters Complained of on Appeal, 2/8/2018, at ¶1; and his improperly filed Rule 600 motion, Pro Se Filing, 10/16/2017. "The constitutional provisions themselves continue to provide a separate and broader basis for asserting a claim of undue delay in appropriate cases." **Commonwealth v. Preston**, 904 A.2d 1, 10 (Pa. Super. 2006). However, Appellant does not develop a constitutional claim in the argument section of his brief "in any meaningful fashion capable of review." **Commonwealth v. Walter**, 966 A.2d 560, 566 (Pa. 2009). Accordingly, any constitutional speedy trial claim is waived.

- 7 -

made in writing, and a copy of such motion must be served on the Commonwealth's attorney").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2018