J-S63036-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
                                         :
             v.                      :
                                         :
                                         :
CHARLES W. SMITH               :
                                         :
            Appellant           :    No. 618 WDA 2018

Appeal from the PCRA Order April 4, 2018
In the Court of Common Pleas of Fayette County Criminal Division at
No(s):  CP-26-CR-0000045-2012

BEFORE:   OTT, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:            **FILED NOVEMBER 06, 2018**

Appellant, Charles W. Smith, appeals from the order entered in the Court of Common Pleas of Fayette County denying his first petition filed under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, following the appointment of counsel and an evidentiary hearing.  After a careful review, we affirm.

On direct appeal, this Court previously summarized the facts underlying Appellant's convictions as follows:

> On November 1, 2011, Detectives Thomas Patton, Antonio Muniz, and Christopher Kozlowski of the Fayette County Drug Task Force arrived at 334 Breakiron Road, Bullskin township, Fayette County, Pennsylvania, where they met a confidential information ("CI"). (N.T., 11/5-6/12, 30-31).  The CI had previously informed the police that crack cocaine could be purchased from inside one of the two mobile home trailers located at 334 Breakiron Road. (N.T. at 32).  The CI was then driven to a secure location and searched by the detectives for money and contraband. (N.T. at 32).  Following the search, the CI was given $25.00 in marked

_____
*   Former Justice specially assigned to the Superior Court.

U.S. currency and was then returned to 334 Breakiron Road by the detectives. (N.T. at 32-33). After a few moments inside 334 Breakiron Road, the CI reemerged with a small plastic baggie containing what the detectives suspected to be crack cocaine. (N.T. at 34). Shortly thereafter, the detectives obtained a search warrant for 334 Breakiron Road. (N.T. at 37-39).

The detectives returned to the location along with two additional police officers and a search warrant that same night…. (N.T. at 39). Upon entering one of the trailers, the detectives observed an African American male, later identified as Leron Brown from Pittsburgh, Pennsylvania, retreat to a back bedroom where he was eventually apprehended. (N.T. at 42, 44-45). Detective Kozlowski discovered a plastic baggie containing cocaine only a few feet away from Brown's location. (N.T. at 78, 86-88). [Detective] Muniz also uncovered a revolver in the trailer's ventilation ductwork and a muzzleloader in one of the closets. (N.T. at 88-89). The detectives also found spoons, syringes, a digital scale, two cell phones, $461.00 in cash, phone numbers and "owe sheets" that night as well. (N.T. at 47, 54).

[Appellant] was also found inside the trailer. (N.T. at 56). After being **Mirandized**[,[1] Appellant] admitted that he knew and permitted Leron Brown to sell drugs from the trailer. (N.T. at 60-61, 80).

*Commonwealth v. Smith*, No. 2006 WDA 2012, *1-2 (Pa.Super. filed 6/16/14) (unpublished memorandum) (quoting Trial Court Opinion, filed 6/20/13, at 2-3) (footnote added).

Appellant was charged with two counts of person not to possess a firearm, criminal conspiracy, possession of a controlled substance, and possession of drug paraphernalia.[2] On November 5, 2012, represented by

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] 18 Pa.C.S.A. § 6105(a)(3)(i), 18 Pa.C.S.A. § 903, 35 P.S. § 780-113(a)(30), and 35 P.S. § 780-113(a)(16), respectively.

counsel, he proceeded to a jury trial, at the conclusion of which the jury convicted Appellant on all counts.

After the jury returned its verdict, Appellant had an outburst in the courtroom, for which the trial court found him in contempt and sentenced him to a flat term of six months' imprisonment. N.T., 11/6/12, at 153-54. On December 6, 2012, the trial court sentenced Appellant on his other convictions to an aggregate of seven years to fourteen years in prison, to run consecutively to his sentence for contempt. Appellant filed a timely appeal to this Court.

On appeal, Appellant contended the trial court erred in failing to give the jury a missing witness instruction with respect to the Commonwealth's failure to call the CI as a witness at trial. This Court concluded Appellant was not entitled to relief on his sole appellate claim. However, we *sua sponte* addressed the legality of Appellant's sentence for contempt and concluded that the trial court's imposition of a flat six month term of incarceration for Appellant's criminal contempt conviction was illegal. Thus, we vacated Appellant's judgment of sentence and remanded for resentencing as to all offenses.

On remand, the trial court initially resentenced Appellant on July 29, 2014, to a term of three to six months' incarceration for the contempt of court conviction, to run consecutively with the sentence imposed on December 6, 2012. Appellant timely filed a notice of appeal on August 1, 2014.

While the appeal was pending, the trial court held a resentencing hearing on October 9, 2014, because the trial court was concerned that it had not complied in full with this Court's remand instructions since the trial court resentenced Appellant on the contempt conviction and left the rest of the December 6, 2012, sentence alone. The trial court purported to "resentence" Appellant for his jury convictions to an aggregate of seven years to fourteen years in prison, to run consecutively to the contempt sentence imposed on July 29, 2014.

After a careful review, this Court concluded that the trial court lacked the jurisdiction to "resentence" Appellant on October 9, 2014, which was more than two months after Appellant filed an appeal to this Court. **See Commonwealth v. Smith**, No. 1259 WDA 2014 (Pa.Super. filed 2/19/15) (unpublished memorandum). Accordingly, we held the trial court's October 9, 2014, "resentencing" was null and void.

As to the July 29, 2014, judgment of sentence, this Court held the trial court erred in failing to follow this Court's specific remand instructions to resentence Appellant on all of his convictions. Accordingly, we vacated the July 29, 2014, judgment of sentence and remanded for full resentencing on all of Appellant's convictions.[3] **See id.**

_____

[3] Moreover, to the extent Appellant attempted to reargue his issue concerning the trial court's failure to give a missing witness instruction, we found the issue to be outside the scope of this Court's limited remand order, and thus, we declined to alter this Court's previous resolution of the issue.

Upon remand, the trial court resentenced Appellant to three months to six months of prison for the contempt conviction, as well as to an aggregate of five and one-half years to eleven years in prison for the remaining convictions, the sentences to run concurrently. Appellant filed a timely appeal wherein he again contended the trial court erred in failing to give the jury a missing witness instruction. Concluding the issue was outside the scope of this Court's limited remand order, we declined to address the issue, noting that our previous decisions adequately addressed the issue. Consequently, we affirmed Appellant's judgment of sentence on September 28, 2015. ***Commonwealth v. Smith***, 826 WDA 2015 (Pa.Super. filed 9/28/15) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on December 29, 2015.

On December 20, 2016, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel, who filed an amended PCRA petition on Appellant's behalf. On June 26, 2017, the PCRA court held an evidentiary hearing, and by order entered on April 4, 2018, the PCRA court denied Appellant's PCRA petition. This timely, counseled appeal followed. The PCRA court directed Appellant to file a timely Pa.R.A.P. 1925(b) statement, Appellant timely complied, and the PCRA court filed a Pa.R.A.P. 1925(a) statement in lieu of opinion.

On appeal, Appellant presents the following issues in his Statement of Questions Involved (verbatim):

1. Whether the PCRA court erred in finding that Officer Ryan Thomas Reese's subsequent criminal charges do not constitute after-discovered evidence[?]

2. Whether the PCRA court erred in not finding defense counsel, Benjamin Goodwin, Esq., ineffective for failing to file a motion stating that the Commonwealth violated Rule 600?

3. Whether the PCRA court erred in not finding defense counsel, Benjamin Goodwin, Esq., ineffective for failing to call Brenda St[ewart] as a witness?

4. Whether the PCRA court erred in not finding defense counsel, Benjamin Goodwin, Esq., ineffective for failing to call Karen Smith as a witness?

Appellant's Brief at 3.

Initially, we note that, when reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa.Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa.Super. 2014).

In his first issue, Appellant contends the PCRA court erred in failing to find that Police Officer Ryan Thomas Reese's criminal charges/conviction for, *inter alia*, unlawful contact with a minor, constituted after-discovered evidence requiring a new trial in Appellant's case. Appellant's Brief at 10. In this regard, Appellant asserts that Officer Reese testified at Appellant's 2012 jury trial as an expert in the field of narcotics, opining that the trailer raided in

Appellant's case was used as a "narcotics house." *Id.* Appellant avers that, if he is awarded a new trial, Officer Reese's subsequent 2014 criminal charges and 2016 conviction "would be used to question whether Officer Reese was qualified to testify as an expert witness." *Id.* at 12.

To be entitled to relief under the PCRA on the basis of exculpatory after-discovered evidence, the petitioner must plead and prove by a preponderance of the evidence "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi).

> To obtain relief based on after-discovered evidence, [an] appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.
>
> The test is conjunctive; the [appellant] must show by a preponderance of the evidence that each of these factors has been met in order for a new trial to be warranted. Further, when reviewing the decision to grant or deny a new trial on the basis of after-discovered evidence, an appellate court is to determine whether the PCRA court committed an abuse of discretion or error of law that controlled the outcome of the case.

*Commonwealth v. Foreman*, 55 A.3d 532, 537 (Pa.Super. 2012) (citations, brackets, and quotation marks omitted).

Here, at the PCRA hearing, the following relevant exchange occurred during PCRA counsel's direct examination of trial counsel:

**Q.** Officer Reese testified at trial, correct?

**A.** Without seeing the transcript, I couldn't tell you. I remember Patton and I'm not trying to be evasive, I don't remember, I remember Patton.

> **[PCRA COUNSEL]:** Your Honor, may I approach the witness?

> **THE COURT:** You may.

**Q.** [Trial counsel], I'm going to show you a copy of the transcript.

**A.** Okay. Yes, I reviewed the record. It appears Officer Reese testified.

**Q.** And at the time you did not know about his misconduct that eventually came to light, correct?

**A.** No.

**Q.** And you would not have been able to cross-examine him on that misconduct at that time, correct?

**A.** I didn't know anything about it, you know, so I had no knowledge of it.

N.T., 6/26/17, at 7-8.

Further, the following relevant exchange occurred during PCRA counsel's direct examination of Appellant:

**Q.** Did Officer Reese testify on behalf of the Commonwealth at trial?

**A.** Yes.

**Q.** And after trial did you learn anything about Officer Reese?

**A.** I didn't hear you.

**Q.** After trial did you learn anything about Officer Reese?

> **[ADA]:** Your Honor, I'm going to object, it does call for hearsay.

> **THE COURT:** Sustained.

**Q.** [Appellant], you learned something about Officer Reese that you believed you that [*sic*] couldn't use in trial, correct?

**A.** Yes.

**Q.** But you were unable to use that information against Officer Reese at trial because you learned it afterwards?

- 8 -

**A.** Yes, that's correct.

\*\*\*

**Q.** As a matter of public record, you discovered that Officer Reese had legal problems, correct?

**A.** Yes, he did.

**Q.** And these legal problems as a matter of public record were criminal in nature?

**A.** That's correct.

*Id.* at 10-12.

In concluding Appellant was not entitled to relief on his after-discovered evidence claim, the PCRA court found Appellant failed to demonstrate that Officer Reese's subsequent criminal conduct would not be used solely to impeach the credibility of Officer Reese and/or that the evidence would likely result in a different verdict if a new trial was granted. PCRA Court Opinion, filed 4/3/18, at 1. The PCRA court noted there was no nexus or relationship between Appellant's case and Officer Reese's criminal misconduct and, further, Officer Reese testified at Appellant's trial as an expert in the field of narcotics as opposed to a fact witness. *Id.*

We find no abuse of discretion or error of law in this regard. *See* *Foreman*, *supra*. In fact, we note that, during closing arguments to the PCRA court, PCRA counsel admitted that Officer Reese's testimony at Appellant's trial was "rather ancillary…more testifying about the whole process of the drug bust and more of an expert witness, not so much as actually handling the evidence itself or even being the lead officer in the case[.]" N.T.,

6/26/17, at 28. Thus, we conclude Appellant is not entitled to relief on his first claim.

In his remaining claims, Appellant presents issue related to the effective assistance of his trial counsel. In reviewing his claims, we note the following well-established legal precepts.

"To plead and prove ineffective assistance of counsel, a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act." **Rykard**, 55 A.3d at 1189–90 (citation omitted). A claim of ineffectiveness will be denied if the petitioner's evidence fails to meet any one of these prongs. **Commonwealth v. Martin**, 607 Pa. 165, 5 A.3d 177, 183 (2010). "We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken." **Commonwealth v. Stultz**, 114 A.3d 865, 881 (Pa.Super. 2015). Moreover, counsel is presumed to have rendered effective assistance. **Commonwealth v. Montalvo**, 631 Pa. 516, 114 A.3d 401, 410 (2015). We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Loner**, 836 A.2d 125, 132 (Pa.Super. 2003) (*en banc*).

In his first ineffective assistance of counsel claim, Appellant avers trial counsel was ineffective in failing to file a motion seeking dismissal pursuant to Pa.R.Crim.P. 600.

Rule 600 of our Rules of Criminal Procedure requires that the Commonwealth bring a defendant to trial within 365 days of the filing of the criminal complaint. *See* Pa.R.Crim.P. 600(A)(2)(a).[4]

> A defendant, however, is not automatically entitled to discharge under Rule 600 where trial starts more than 365 days after the filing of the complaint. Rather, Rule 600 "provides for dismissal of charges only in cases in which the defendant has not been brought to trial within the term of the adjusted run date, after subtracting all excludable and excusable time." The adjusted run date is calculated by adding to the mechanical run date, *i.e.,* the date 365 days from the complaint, both excludable and excusable delay.

***Commonwealth v. Roles***, 116 A.3d 122, 125 (Pa.Super. 2015) (quotations and citations omitted).

Excludable time includes delays attributable to a defendant or his counsel. ***See Commonwealth v. Matis***, 551 Pa. 220, 710 A.2d 12, 16 (1998). Excusable time includes delays that occur despite the due diligence of the Commonwealth and beyond its control. ***See Commonwealth v. Goldman***, 70 A.3d 874, 879 (Pa.Super. 2013). Charges must be dismissed for failure to abide by Rule 600 only where the Commonwealth fails to bring a defendant to trial within 365 days, calculated after taking into account all excusable delays and excludable time. ***See id.*** at 880.

---

[4] The Pennsylvania Supreme Court adopted a new Rule 600, effective July 1, 2013. Here, because the criminal complaint was filed prior to the enactment of the new rule, we will apply the former version. ***See Commonwealth v. Brock***, 619 Pa. 278, 61 A.3d 1015, 1016 n.2 (2013).

Because a successful Rule 600 motion results in the dismissal of charges before trial, prejudice in a PCRA context will be established upon a showing of a meritorious claim. *See Commonwealth v. Lynn*, 815 A.2d 1053, 1056 (Pa.Super. 2003). Therefore, in order to determine if trial counsel was indeed ineffective, we must assess if Appellant's Rule 600 motion would have been successful.

Here, Appellant was formally charged on November 2, 2011, and his mechanical run date under Rule 600 was November 2, 2012. However, as the PCRA court found, there were at least 42 days of excludable delay attributed to Appellant. Specifically, the docket entries reveal that Appellant's preliminary hearing was scheduled for November 10, 2011; however, it was rescheduled for November 17, 2011, due to a continuance request made by trial counsel. *See Commonwealth v. Brown*, 875 A.2d 1128 (Pa.Super. 2005) (holding that, under Rule 600, excludable time includes the unavailability of the defendant or the defendant's attorney, as well as any continuance granted at the request of the defendant or the defendant's attorney). Further, on November 17, 2011, the preliminary hearing was rescheduled to December 22, 2011, because "[Appellant] failed to appear-good cause." *See id.* Thereafter, Appellant was brought to trial on November 5, 2012, well within the adjusted run date. Thus, we find no merit to Appellant's Rule 600 claim, and counsel may not be deemed ineffective on this basis.

Appellant intertwines his remaining ineffective assistance of counsel claims, contending that trial counsel was ineffective in failing to call Brenda Stewart and Karen Smith as trial witnesses. In this regard, he specifically avers the following:

> During the PCRA hearing in the present case, [Appellant] called Brenda Stewart and Karen Smith to testify on his behalf. Both Brenda Stewart and Karen Smith stated that they were not called as witnesses at trial, but they would have been willing to testify on [Appellant's] behalf. [N.T., 6/26/17, at 18, 22]. In fact, Brenda Stewart actually spoke to [trial counsel] prior to trial. [*Id.* at 18]. The absence of their testimony denied [Appellant] a fair trial, because these witnesses would have verified for the jury that [Appellant] did not reside at the trailer that was raided by the police, but rather at the other trailer on the property. [*Id.* at 19, 23]. Also, their testimony would have enabled the jury to draw the conclusion that Clifton E. Smith, [Karen Smith's husband], was in fact engaged in the sale of drugs out of the trailer, since Clifton E. Smith resided in the trailer. [*Id.*]

Appellant's Brief at 17-18.

To prove that trial counsel provided ineffective assistance for failing to call a witness, a petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial.

**Commonwealth v. Washington**, 592 Pa. 698, 927 A.2d 586, 599 (citation omitted). Failure to call a witness is not *per se* ineffective assistance of counsel, for such a decision implicates matters of trial strategy. **Commonwealth v. Auker**, 545 Pa. 521, 681 A.2d 1305, 1319 (1996).

In the case *sub judice*, trial counsel testified that he knew Ms. Stewart and Ms. Smith existed, and Appellant asked him to call them as witnesses during the trial. N.T., 6/26/17, at 9. However, trial counsel testified that he did not call Ms. Stewart to testify because, when he interviewed her, he discovered that she had not been to the Fayette County area for some time and she did not have any relevant information about either the crimes or the location of Appellant's residence.[5] *Id.* at 6. Moreover, as to Ms. Smith, trial counsel testified that Ms. Smith's attorney informed trial counsel that, if he called Ms. Smith to testify at Appellant's trial, Ms. Smith would "plead the fifth." *Id.* at 7. Accordingly, trial counsel had a reasonable strategic basis for not calling Ms. Stewart or Ms. Smith to testify on behalf of Appellant at trial. *See Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111, 1127 ("With regard to…reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis.") (quotation marks and quotation omitted)); *Commonwealth v. McCormick*, 519 A.2d 442, 445 (Pa.Super. 1986) (holding the possibility of prejudice to the defendant as a result of the jury seeing a witness called on the defendant's behalf invoke the Fifth Amendment, which might suggest the witness was an

_____

[5] During closing legal arguments at the PCRA evidentiary hearing, PCRA counsel admitted to the PCRA court that, "Brenda Stewart, of course, as it turns out, doesn't know much of anything." N.T., 6/26/17, at 27.

- 14 -

accomplice of the defendant's, provided a reasonable strategic basis for not calling the witness).

Furthermore, as the PCRA court indicated, even if Ms. Stewart and Ms. Smith would have testified at trial that Appellant did not reside in the trailer, which was raided by the police, but resided in a different trailer, their testimony would have been merely cumulative of other evidence offered by Appellant. For instance, at trial, Appellant presented the testimony of a Fayette County Tax Assessment Office employee, who identified the owner of the police-raided trailer as "Alice Smith in care of Earl Smith," as well as the testimony of Steven Pritts, who testified that Appellant did not live in the police-raided trailer. N.T., 11/5/12, at 120-21, 127-28. Accordingly, Appellant has not demonstrated that the absence of Ms. Stewart's or Ms. Smith's testimony was so prejudicial as to have denied Appellant a fair trial. *See Washington*, *supra*. Therefore, we find Appellant is not entitled to relief on his ineffective assistance of counsel claims.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2018

- 15 -